IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EVERETT L. SAMPSON,**

      **Petitioner,**

**v.**                            No.  CIV-05-1210 BB/LAM

**C. MICHAEL MARTIN, et al.,**

      **Respondents.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

    1.    **THIS MATTER** is before the Court on Respondents' *Motion to Dismiss* (*Doc. 12*) (hereinafter, "Motion"), filed on February 10, 2006.  Having considered the Motion, the parties' submissions related to the Motion and relevant law, the undersigned recommends, for the reasons set forth below, that the Motion be **GRANTED**, on the ground of failure to exhaust available state remedies, and that Mr. Sampson be given a period of fifteen (15) days after the adoption of these proposed findings and recommended disposition by the Presiding Judge assigned to this case in which to file and serve an amended application for writ of habeas corpus which includes only his exhausted claims and, if Mr. Sampson does not file an amended application by that date, that this case be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

      2.      Petitioner Everett L. Sampson initiated this habeas proceeding on November 17, 2005, by filing an ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*) (hereinafter, "Application"). Although Mr. Sampson, who appears *pro se*, was incarcerated when he filed this case, he has since been released from prison. *See* ***Motion for Change of Address*** (*Doc. 21*), which the Court construed as a notice of change of address.[2] Mr. Sampson asserted multiple claims in his Application which are described below.

      3.      In the memorandum filed by Respondents in support of their Motion, Respondents contend that Mr. Sampson's Application should be dismissed without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), because it is a mixed habeas petition that contains both exhausted and unexhausted claims. *See* ***Memorandum in Support of Motion to Dismiss*** (*Doc. 13*) at 5-6. In the alternative, Respondents ask the Court to deny Mr. Sampson's Application on the merits pursuant to 28 U.S.C. § 2254(b)(2), notwithstanding his failure to exhaust state remedies, because all of his claims are without merit. *Id.* at 6.[3] Mr. Sampson filed a response to the Motion and a related supporting memorandum, and Respondents filed a reply to the response. *See* ***Petitioner's Response to the Respondent's [sic] Motion to Dismiss*** (*Doc. 19*), ***Memorandum in Support of Petitioner's Response to Respondent's [sic] Motion to Dismiss*** (*Doc. 20*) and ***Reply to Petitioner's Response to Motion to Dismiss*** (*Doc. 22*).

---

[2]Although Mr. Sampson has been released from prison, he is still on probation which renders him "in custody" for purposes of 28 U.S.C. § 2254. *See Jones v. Cunningham*, 371 U.S. 236, 238-243 (1963) (conditional release from physical confinement under sentence in question satisfied "in custody" requirement for federal habeas relief). *See also United States v. Condit*, 621 F.2d 1096, 1098 (10th Cir. 1980) (probation, like parole, constitutes "custody" for purposes of habeas corpus statutes).

[3]28 U.S.C. § 2254(b)(2) provides that a habeas corpus application "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

*Background*

4.On February 28, 2005, Mr. Sampson entered into a plea agreement in which he agreed to plead guilty to the misdemeanor offenses of battery against a household member and violation of a protection order in case number CR-2004-0889-4, and battery against a household member in case number CR-2004-0888-4. *See Answer* (*Doc. 14*), Exhibit C.[4]  Both cases were filed in the state district court of San Juan County, New Mexico.  On February 28, 2005, Mr. Sampson entered his guilty plea and on March 29, 2005, the state court entered its judgment, sentence and commitment sentencing Mr. Sampson to incarceration for a period of three years less three days, with execution of his sentence suspended except for two years, which was to be served in the custody of the New Mexico Department of Corrections.  *See Answer* (*Doc. 14*), Exhibit A at second page.  The state court ordered that Mr. Sampson be placed on unsupervised probation for three-hundred and sixty- two days upon completion of his term of incarceration.  *Id.*  He was also ordered to pay restitution, even on the counts against him that were dismissed, and a domestic violence offender treatment fee.  *Id.*  He was given credit for pre-sentence confinement of fourteen days and credit for post-sentence confinement until his delivery to the Corrections Department.  *Id.* at third page.[5]  In the plea agreement, Mr. Sampson agreed to waive "the right to appeal the conviction that results from the entry of this plea agreement."  *Answer* (*Doc. 14*), Exhibit C at 2.

5.On June 16, 2005, Mr. Sampson filed a motion for reconsideration of sentence with the state district court asking the court to modify his sentence based on multiple grounds.  *See*

---

[4]The plea agreement provided that these sentences would run consecutively and that there were "[n]o other agreements as to sentence."  *See Answer*, Exhibit C at 1.

[5]On September 22, 2005, a corrected judgment, sentence and commitment was entered making a correction to give Mr. Sampson credit for pre-sentence confinement credit of thirty-two days instead of fourteen days.  *See Answer* (*Doc. 14*), Exhibit B at third page.

*Answer* (*Doc. 14*), Exhibit D.[6]  This motion was denied by the state court on June 21, 2005.  *See Answer* (*Doc. 14*), Exhibit E.

      6.      On August 19, 2005, Mr. Sampson filed a petition for writ of habeas corpus with the state district court asking the court to vacate, set aside or correct his sentence on multiple grounds. *See Answer* (*Doc. 14*), Exhibit F at 1.  This petition was denied on September 12, 2005.  *See Answer* (*Doc. 14*), Exhibit G.  On October 17, 2005, Mr. Sampson filed a petition for writ of certiorari with the New Mexico Supreme Court seeking review of the district court's denial of his petition for writ of habeas corpus.  *See Answer* (*Doc. 14*), Exhibit J.  On October 25, 2005, the New Mexico Supreme Court entered an order denying the petition for writ of certiorari.  *See Answer* (*Doc. 14*), Exhibit K.

      7.      On September 30, 2005, after the state district court denied his petition for writ of habeas corpus, Mr. Sampson filed a second motion for reconsideration of sentence with the district court asking the court to modify his sentence to give him time served and supervised probation for the balance of his sentence.  *See Answer* (*Doc. 14*), Exhibit H.  This motion was denied by the court on November 29, 2005, after the New Mexico Supreme Court denied Mr. Sampson's petition for writ of certiorari.  *See Answer* (*Doc. 14*), Exhibit I.

      8.      On November 17, 2005, Mr. Sampson filed his Application (*Doc. 1*) in this case for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Mr. Sampson's claims in this proceeding are two-fold.  For his first claim, Mr. Sampson attached a copy of the first motion for reconsideration of sentence that he filed in the state district court in cases CR-2004-0889-4 and CR-2004-0888-4 on

---

[6]Although described by Mr. Sampson as a motion to reconsider or modify sentence, this motion included requests by Mr. Sampson for withdrawal of his guilty plea and dismissal of the criminal charges against him. *See Answer* (*Doc. 14*), Exhibit D at 9.

June 16, 2005, thereby incorporating all of the claims and sub-claims raised in that motion. *See* Application at 6, and Attachment D. The claims and sub-claims in that motion were as follows:

    a.    The State violated his constitutional right to due process by failing to make a showing of probable cause at a preliminary hearing (by having the victim and witness appear) and he was tricked by the prosecutor into waiving his right to a preliminary hearing after the prosecutor influenced the state judge to waive the ten-day rule;[7]

    b.    His right to a speedy trial under the six-month rule was violated;[8]

    c.    His constitutional rights to due process and equal protection were violated because (i) his sentences for Counts 2 and 4 in case number CR-2004-0889-4 were imposed to run consecutively, not concurrently, contrary to the district judge's statements at his sentencing hearing, and (ii) the prosecutor illegally altered and modified his sentence by causing a period of unsupervised probation of three-hundred and sixty-two days to be added to the sentence;

    d.    His conviction of two separate counts of battery on a household member resulted in multiple punishments for a single offense and violated his constitutional right to protection from double jeopardy;

    e.    He was denied effective assistance of counsel because his trial attorney (i) failed to provide Mr. Sampson with any copies of his plea agreement following the plea hearing held on

---

[7]This appears to be a reference to Rule 5-302(D) of the New Mexico Rules of Criminal Procedure which requires that a preliminary hearing in a criminal case be held "within a reasonable time but in any event not later than ten (10) days following the initial appearance if the defendant is in custody . . . ." N.M.R.A., Rule 5-302(D).

[8]This appears to be a reference to Rule 5-604(B) of the New Mexico Rules of Civil Procedure which requires, in relevant part, that the trial of a criminal case be commenced within six months after the last to occur of the date of arraignment or the date of waiver of arraignment. *See* N.M.R.A., Rule 5-604(B)(1). "A six month rule issue is analytically separate from a constitutional speedy trial issue, and the two are distinct in their operation and reach." *State v. Stefani*, 137 P.3d 659, 666 (N.M. Ct. App. 2006) (internal quotation marks and citation omitted).

February 28, 2005, (ii) failed to keep him reasonably informed about his case and promptly comply with his reasonable requests for information, and (iii) failed to explain his plea to the extent reasonably necessary for him to make an informed decision about the plea;

  f. His trial attorney had a conflict of interest because he represented the victim in Mr. Sampson's case in another case at the same time that he represented Mr. Sampson;

  g. The prosecutor and the district court violated Mr. Sampson's constitutional rights under the Fourteenth Amendment, and acted unfairly and with prejudice, by recommending and imposing mandatory prison time for misdemeanor offenses and by refusing to grant him probation, a suspended sentence, a deferred sentence or a conditional discharge in any criminal cases he has had in the Eleventh Judicial District Court;

  h. The prosecutor discriminated against him based on his race, which is Black,[9] by using the probation department and his prior criminal conviction to adversely influence the judge regarding his sentence, reflecting the State's prejudice in sentencing particularly when an offender is Black and the victim is White;

  i. He should have been imprisoned in a County jail and the district court lacked jurisdiction and legal authority to order that he be imprisoned in a State prison for misdemeanor offenses;

  j. The prosecutor made the State's plea offer to him on February 28, 2005, less than twenty-four hours before trial, and he was not allowed to review, negotiate or make any objection to the plea and he was not fully advised of the legal effect of the plea;

---

[9]*See* Application, Attachment K.

  k. The prosecutor deceived him into entering his plea by making oral promises that the State would recommend that he be given a deferred sentence with only probation and no prison time;

  l. After handwriting the plea agreement, the State pressured Mr. Sampson to sign it, did not give him a typed copy before sentencing, and then altered the plea at his sentencing hearing;

  m. His trial attorney and the State refused to provide him with copies of his plea agreement solely for the purpose of keeping him from withdrawing his plea; and

  n. His sentence for violation of a protection order was unlawful because it was his first conviction of that offense and he should have been sentenced to a jail term of not more than six months in a County jail with no court-ordered payment of restitution.

*See* Application, Attachment D at 2-9.

  Mr. Sampson's second claim, although somewhat difficult to follow, appears to be a claim that he was denied a hearing and an attorney in his state habeas corpus proceeding. *See* Application at 7.

### *Mixed Petition Argument*

  9. In their Motion, Respondents contend that Mr. Sampson's Application for habeas relief in this proceeding is a mixed petition containing some claims that have been exhausted in the state courts and some that have not. Respondents ask the Court to dismiss the Application, in its entirety, so that Mr. Sampson can present his unexhausted claims to the state courts and then return to federal court for federal habeas review of all of his claims.

  10. As explained below, some, but not all, of Mr. Sampson's claims in this proceeding were submitted for appellate review to the New Mexico Supreme Court. The claims listed in sub-paragraphs 8(c), 8(e) and 8(m), above, were submitted for review to the New Mexico Supreme Court

and are therefore exhausted. However, the claims listed in sub-paragraphs 8(a), 8(b), 8(d), 8(f), 8(g), 8(h), 8(i), 8(j), 8(k), 8(l) and 8(n), above, were not submitted to the New Mexico Supreme Court for review and are therefore unexhausted. Additionally, Mr. Sampson's second claim, that he was denied a hearing and an attorney in his state habeas corpus proceeding, was not submitted to the New Mexico Supreme Court for review and is therefore unexhausted.

11.    28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996,[10] provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - - (A) the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. §2254(b)(1)(A).[11] To comply with this requirement, an applicant for federal habeas relief "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity includes discretionary review by the state supreme court. *Id.* An applicant for federal habeas relief has not exhausted remedies available in the state courts, within the meaning of 28 U.S.C. § 2254, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A federal claim is generally not deemed exhausted unless the "substance" of the claim has been "fairly presented" to the state courts. *Picard v. O'Connor*, 404 U.S. 270, 275-278 (1971). The petitioner bears the burden of

---

[10]Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

[11]Exhaustion of state remedies is not required if "there is an absence of available State corrective process" or if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). However, in this case, there is no indication that either of these exceptions applies.

showing that he has exhausted available state remedies. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

12.     Federal habeas petitions filed under 28 U.S.C. § 2254 containing both exhausted and unexhausted claims, are known as "mixed-petitions." In a case with a mixed petition, the district court may (a) dismiss the petition without prejudice and allow the petitioner to exhaust his previously unexhausted claims in the state courts, or (b) allow the petitioner to amend his petition to delete his unexhausted claims and present only his exhausted claims for consideration. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-522 (1982). The district court may also deny a mixed petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2), notwithstanding the petitioner's failure to exhaust his state court remedies.[12] If the one-year statute of limitations period under AEDPA has expired or is close to expiring,[13] the court may, in limited circumstances and subject to reasonable time limits, stay the petition and hold it in abeyance while the petitioner exhausts state remedies with respect to his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 273-278 (2005).

13.     Some of Mr. Sampson's claims in this proceeding were presented for appellate review to the New Mexico Supreme Court in his petition for writ of certiorari seeking review of the district court's denial of his state habeas petition and thus were fully exhausted. Mr. Sampson's claims listed in sub-paragraphs 8(c), 8(e) and 8(m), above, were presented to the New Mexico Supreme Court in

---

[12]28 U.S.C. § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." This statute allows the dismissal of plainly meritless claims regardless of whether the claims have been exhausted. *See Spears v. Mullin*, 343 F.3d 1215, 1234 (10th Cir.2003) ("We may deny relief on the merits of a claim even if that claim has not been exhausted in state court. *See* 28 U.S.C. § 2254(b)(2).").

[13]As amended by AEDPA, 28 U.S.C. § 2244(d)(1) imposes a one-year limitation period on an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.

his petition for writ of certiorari and are therefore exhausted.[14]  However, Mr. Sampson's claims listed in sub-paragraphs 8(a), 8(b), 8(f), 8(g), 8(h), 8(i), 8(j), 8(k), 8(l) and 8(n), above, were not presented to the New Mexico Supreme Court in his petition for writ of certiorari and are therefore unexhausted.[15]  Likewise, Mr. Sampson's claim listed in sub-paragraph 8(d), above, was not presented to the New Mexico Supreme Court in his petition for writ of certiorari and is therefore unexhausted.[16]  Mr. Sampson's second claim, that he was denied a hearing and an attorney in his state habeas corpus proceeding, was not submitted to the New Mexico Supreme Court for review in his petition for writ of certiorari and is therefore unexhausted.[17]

---

[14] For exhaustion of Mr. Sampson's claim listed in sub-paragraph 8(c), *see Answer* (*Doc. 14*), Exhibit J at 1-2, and Exhibit G at 1-2.  For exhaustion of his claim listed in sub-paragraph 8(e), *see Answer* (*Doc. 14*), Exhibit J at 2, 5-6.  For exhaustion of his claim listed in sub-paragraph 8(m), *see Answer* (*Doc. 14*), Exhibit J at 2, 5.

[15] *See Answer* (*Doc. 14*), Exhibit J.

[16] *See Answer* (*Doc. 14*), Exhibit J.  With regard to Mr. Sampson's claim listed in sub-paragraph 8(d), above, the Court notes that in his petition for writ of certiorari to the New Mexico Supreme Court, Mr. Sampson argued that the addition of a period of probation to his sentence violated the prohibition against double jeopardy but he did not argue that his conviction of two separate counts of battery on a household member violated his right to protection from double jeopardy.  *See Answer* (*Doc. 14*), Exhibit J at 2-3.  The Court also notes that in his state habeas petition, Mr. Sampson argued that his two convictions for two instances of battery against a household member placed him twice in jeopardy for the same offense; however, the district court denied this claim and Mr. Sampson did not re-assert this claim in his petition for writ of certiorari to the New Mexico Supreme Court.  *See Answer* (*Doc. 14*), Exhibit F at 2-3, Exhibit G at 3 and Exhibit J.

[17] *See Answer* (*Doc. 14*), Exhibit J at 7.  The Court notes that in his petition for certiorari to the New Mexico Supreme Court, Mr. Sampson mentioned that the judge who ruled on his state habeas petition did so without having an attorney assigned to him or granting him an evidentiary hearing; however, this issue was mentioned only briefly in his argument that the judge who ruled on his state habeas petition had a conflict of interest, was not impartial and should have disqualified herself from ruling on the petition.  *See Answer* (*Doc. 14*), Exhibit J at 7-9.  The Court does not find this buried reference to the issue that is the subject of Mr. Sampson's second claim in this proceeding to have been "fairly presented" to the New Mexico Supreme Court within the meaning of *Picard v. Connor*, 404 U.S. 270, 275-276 (1971) ("We emphasize that the federal claim must be fairly presented to the state courts . . . . Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies.").  *See also Lee v. Crouse*, 451 F.3d 598, 614 (2006) (Hartz, J., concurring in part and dissenting in part) ("Presenting issues to a court is not a game in which an appellant can score by saying just enough to alert a judge who had unlimited time to speculate on every possible issue that might be unearthed in the brief.")

14. An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Additionally, Rule 15(a) of the Federal Rules of Civil Procedure "may be used to allow the petitioner to amend his petition when the court feels this is called for . . . ." Advisory Committee Note to Rule 5, Rules Governing Section 2254 Cases; *see also* Rule 11 of the Rules Governing Section 2254 Cases.

15. The Court finds that Mr. Sampson should be allowed to amend his Application to delete his unexhausted claims and present only his exhausted claims for consideration, if that is his preference. *See Rose v. Lundy*, 455 U.S. at 510, 520 (1982).[18] He should be aware, however, that if he does so, he risks the dismissal of a subsequent federal habeas petition which raises the unexhausted claims that he would be abandoning. *Id.* at 520-521.

16. If Mr. Sampson chooses not to amend his Application, then his Application should be dismissed in its entirety, without prejudice, to allow him to exhaust his previously unexhausted claims in the state courts. *Id.* at 510, 520.[19] He should be aware, however, that the one year statute of limitations under AEDPA, which imposes a one-year limitation period on an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, will still apply to all of the claims in his Application, including those that have been exhausted.[20] Moreover, the one-

---

[18] As stated previously, Mr. Sampson's exhausted claims are the claims listed in sub-paragraphs 8(c), 8(e) and 8(m), above.

[19] In their answer, Respondents conceded that Mr. Sampson's unexhausted claims could be pursued in state court. *See Answer* (*Doc. 14*) at ¶ 5.

[20] *See* 28 U.S.C. § 2244(d)(1) which provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - -

(continued...)

year limitation period is not tolled by the pendency of this federal habeas proceeding. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (holding that federal habeas proceedings do not toll the one-year limitation period).[21]

### *Motion to Grant Post-Conviction Relief & Set Aside Judgment, Sentence*

17.     Also pending before the Court is Mr. Sampson's ***Motion to Grant Post-Conviction Relief & Set Aside Judgment, Sentence*** (*Doc. 17*), filed on March 10, 2006. In this motion, Mr. Sampson summarily repeats his request for habeas relief pursuant to 28 U.S.C. § 2254, and asks the Court to set aside the judgment and sentence imposed in his state criminal case. He also appears to ask the Court to release him on bond while this proceeding is pending.[22] The undersigned recommends that this motion be **DENIED** as moot. The habeas relief which Mr. Sampson asks for in this motion duplicates the relief he requests in his Application which is addressed above. Moreover, there is no reason for the Court to consider whether Mr. Sampson should be released on bond because the record shows that he is no longer incarcerated. *See **Motion for Change of Address*** (*Doc. 21*).

---

[20](...continued)
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    [or other events].

[21]Mr. Sampson has made no showing in his Application that he meets the requirements for stay and abeyance warranting a stay of his mixed petition to allow him to present his unexhausted claims to the state court and then return to this Court. Stay and abeyance is appropriate where: (1) there is good cause for the petitioner's failure to exhaust his claims in state court; (2) he has potentially meritorious unexhausted claims; and (3) there is no indication that he has engaged in "intentionally dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

[22]In support of his request to be released on bond, Mr. Sampson cites Rule 65.1 of the Federal Rules of Civil Procedure. This rule, which provides a summary procedure by which parties can enforce their rights against a surety who has posted security in a civil case, does not authorize the release of a Section 2254 habeas petitioner while his petition is pending.

**RECOMMENDED DISPOSITION**

For the foregoing reasons, the undersigned recommends that Respondents' *Motion to Dismiss* (*Doc. 12*) be **GRANTED**, on the ground of failure to exhaust available state remedies, and that Mr. Sampson be given a period of fifteen (15) days after the adoption of these proposed findings and recommended disposition by the Presiding Judge assigned to this case in which to file and serve an amended application for writ of habeas corpus which includes only his exhausted claims and, if Mr. Sampson does not file an amended application by that date, that this case be **DISMISSED WITHOUT PREJUDICE**.[23]

The undersigned also recommends that Mr. Sampson's *Motion to Grant Post-Conviction Relief & Set Aside Judgment, Sentence* (*Doc. 17*) be **DENIED** as moot.

_Lourdes A. Martínez_
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] Because Mr. Sampson is no longer incarcerated, having been released on probation, C. Michael Martin is no longer a proper respondent in this action. *See Jones v. Cunningham*, 371 U.S. 236, 241-243 (1963) (habeas petitioner's cause against prison warden became moot when petitioner was released from warden's custody on parole and petitioner should have been allowed to add parole board members as respondents). Thus, if Mr. Sampson chooses to file and serve an amended application for writ of habeas corpus asserting only his exhausted claims, he should be allowed to substitute as respondent(s) the state official(s) responsible for the administration of his probation.